# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. CLARK-EL, | ) |
| Petitioner, | ) |
| v. | ) No. 4:22-CV-1000 RLW |
| DORIS FALKENRATH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This habeas matter is before the Court on petitioner's response to the Court's show cause Order dated November 18, 2022. After reviewing petitioner's response, the Court will dismiss the petition as being barred by 28 U.S.C. § 2254's one-year limitations period.

Petitioner seeks to challenge his 1988 convictions and sentences for first-degree robbery and armed criminal action.[1] He was sentenced to life imprisonment for first-degree robbery and a concurrent term of 30 years' imprisonment for armed criminal action. *See State v. Clark*, 809 S.W.2d 139, 140 (Mo. Ct. App. 1991).

Petitioner attaches as exhibits to his petition several filings from his state court habeas proceedings. Based on these exhibits, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied by the trial court on August 21, 2003. *See* ECF No. 1-1 at 8. The Missouri Court of Appeals denied petitioner's petition for writ of habeas corpus on July 14, 2005 and the Supreme Court of Missouri affirmed this ruling on November 22, 2005. *See* ECF No 1-1 at 5-6.

---

[1] In petitioner's response to the show cause order, he correctly states that the Court was mistaken when it stated that petitioner was formerly known as Paige Spears. Petitioner has never been known as Paige Spears. Paige Spears was petitioner's codefendant in his criminal trial. This mistake has no bearing on the timeliness of petitioner's petition.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year period of limitations for filing habeas petitions did not exist when petitioner was convicted, or prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996.

In addressing this issue, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)]. Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). As a result, the one-year period of limitations for the instant petition expired more than twenty-five years before it was filed.

–3–

The Court finds that the statute of limitations for petitioner's § 2254 petition for writ of habeas corpus expired on April 24, 1997. He did not file his petition until September 14, 2022. Thus, petitioner's petition for writ of habeas corpus is time barred and will be dismissed.

According to petitioner, the State of Missouri created impediments to the timely filing of his Missouri Supreme Court Rule 29.15 motion. Even if the Court were to accept this as true, the ruling on petitioner's Rule 29.15 motion became final on November 22, 2005, when it was affirmed by the Supreme Court of Missouri. See ECF No. 1-1 at 5-6. Petitioner did not file this § 2254 action until September 14, 2022, nearly seventeen years later, and it is time barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED** and **DISMISSED** as time barred.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of legal counsel is **DENIED as moot**. [ECF No. 2]

**IT IS FURTHER ORDERED** that petitioner's request for a full and fair evidentiary hearing is **DENIED as moot**. [ECF No. 3]

**IT IF FURTHER ORDERED** that petitioner's motion to dismiss unnecessary parties is **DENIED as moot**. [ECF No. 11]

An Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of March, 2023.